UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: ) | |
| ) | |
| HO WAN KWOK, ) | CASE NO.: 3:23-cv-00102 (JBA) |
| ) | |
| Appellant, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| PACIFIC ALLIANCE ASIA, ) | MARCH 14, 2023 |
| OPPORTUNITY FUND L.P., and ) | |
| LUC A. DESPINS, CHAPTER 11 ) | |
| TRUSTEE FOR THE ESTATE OF HO ) | |
| WAN KWOK, ) | |
| ) | |
| Appellees. ) | |
| ) | |

**HO WAN KWOK'S MOTION TO CERTIFY APPEAL OF PRELIMINARY INJUNCTION TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2) AND FED. R. BANKR. P. 8006(f)**

Ho Wan Kwok, by and through his counsel, respectfully requests that this Court certify his appeal[1] ("Appeal") of the January 11, 2023 and January 13, 2023 preliminary injunction orders entered by the Bankruptcy Court in the adversary proceeding, *Pacific Alliance Asia Global Opportunity Fund, L.P. v. Ho Wan Kwok*, Adv. Pro. No.: 22-05032(JAM), (collectively, the "PI Order"), copies of which are annexed hereto as Exhibits 1-2, for immediate appeal to the United

---

[1] On January 5, 2023, Mr. Kwok filed a notice of appeal and motion for leave to appeal the November 23, 2022 and December 7, 2022 temporary restraining orders ("TRO"). (TRO Appeal ECF 1 and 2.) On January 25, 2023, Mr. Kwok filed a notice of appeal and motion for leave to appeal the PI Order. (PI Appeal ECF 1 and 2.) On March 3, 2023, Mr. Kwok filed a motion to consolidate the appeals. (TRO Appeal ECF 24.) As permitted by 28 U.S.C. § 158(d)(2)(A), the Court "acting on its own motion" should certify the appeal of the TRO, *Kwok v. Pacific Alliance Asia Global Fund, L.P.*, No. 3:23-cv-00040 (KAD), alongside the instant Appeal.

States Court of Appeals for the Second Circuit as provided for in 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8006(f).

## I. INTRODUCTION

The PI Order satisfies all the hallmarks for certification to the Court of Appeals under 28 U.S.C. § 158(d)(2)(A), even though satisfying just one standard in the statute would warrant certification.

First, the Appeal involves unique questions of law for which there are no controlling decisions of the court of appeals for this circuit or the Supreme Court of the United States. The PI Order prohibits, limits, and restricts, not just protests at certain locations throughout the country, but also the conduct of persons who are not parties to this case. The record is clear that Mr. Kwok, the only defendant, never engaged in any such protests. The Bankruptcy Court, however, entered the PI Order without citing any controlling authority that has permitted a federal (or state) court, let alone a non-Article III court, to impose such a restraint on peaceful protests by non-parties. The PI Order also goes beyond restricting conduct and unconstitutionally prohibits Mr. Kwok's speech on topics relating to the protests, again without citing controlling authority that would permit such an infringement on First Amendment rights. As the PI Order restricts the right to speak and protest by anyone in the public and the Appeal raises questions concerning the Bankruptcy Court's authority to assume jurisdiction over non-core claims seeking relief from alleged defamation, this matter indisputably "involves a matter of public importance."

Second, the Appeal will resolve conflicting decisions from the district courts in this Circuit on whether the First Amendment permits the type of restraint on speech imposed by the PI Order.

Third, an immediate appeal of the PI Order would materially advance the progress of adversary proceeding case because the only remaining issue in this adversary proceeding is

whether a permanent injunction should be imposed. Definitive resolution of the constitutionality of the PI Order would necessarily advance the progress of the case if not terminate it entirely. If the preliminary injunction is unconstitutional, then most likely, a permanent injunction would also be unconstitutional. Certification will also advance the well-established rule in cases infringing First Amendment rights that "a judicial determination must occur promptly so that administrative delay does not in itself become a form of censorship." *Heller v. New York*, 413 U.S. 483, 489 (1973)) (internal citation omitted) (collecting cases).

Certification is also appropriate for the separate and independent reason that had this Court (or any district court)—instead of the Bankruptcy Court—entered the PI Order, it would have been immediately appealable under 28 U.S.C. § 1292(b)(1). It appears to be a quirk in legislative drafting that § 158 does not have a comparable provision. The certification process allows the Court to rectify that anomaly and it should do so here. The Court should grant certification to the Second Circuit.

**II.    BACKGROUND**

The Appeal arises out of an adversary proceeding initiated by PAX on November 22, 2022 against Mr. Kwok seeking an injunction to restrain alleged defamation and harassment. (Bankr. ECF No. 1.) Alongside the Complaint, PAX filed an application for a temporary restraining order ("TRO") and a motion for a preliminary injunction, (Bankr. ECF 2, 3), and the Trustee filed a motion to intervene. (Bankr. ECF 9.) On November 23, 2022, on only a few hours' notice, the Bankruptcy Court held a hearing, heard argument from PAX and the Trustee, and then granted the TRO *ex parte*. (Bankr. ECF 26.) Mr. Kwok was neither present nor was he represented by counsel at that hearing. On December 5, 2022, after Mr. Kwok retained counsel to represent him in the adversary proceeding, the parties appeared for a five-day evidentiary hearing on the motion for a preliminary injunction. (Bankr. ECF 60, 66, 74, 84, 102.) Over Mr. Kwok's objection, on

December 7, 2022, the Bankruptcy Court extended the TRO. (Bankr. ECF 80.) On January 5, 2023, Mr. Kwok filed a notice of appeal and motion for leave to appeal the TRO. (TRO Appeal ECF 1 and 2.) On January 11, 2023, the Bankruptcy Court issued the PI Order, (Bankr. ECF 129), amended by corrected order on January 13, 2023. (Bankr. ECF 134.) On January 25, 2023, Mr. Kwok filed a notice of appeal and motion for leave to appeal the PI Order. (PI Appeal ECF 1 and 2.) On March 3, 2023, Mr. Kwok filed a motion to consolidate the appeals. (TRO Appeal ECF 24.)

### III.   ARGUMENT

#### A.   STANDARD FOR CERTIFYING APPEAL

Under 28 U.S.C. § 158(d)(2)(B), this Court shall certify an appeal to the Court of Appeals if it determines that any of the circumstances described in §158(d)(2)(A) exist. Those circumstances include:

- ii. the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
- iii. the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
- iv. an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Because § 158(d)(2)(A)(i-iii) is "written in the disjunctive," if one element is "established, as to any question of law involved in the underlying judgment, order, or decree, this Court *must* certify the appeal of its decision for direct appeal." *In re Springfield Hospital, Inc.*, 618 B.R. 109, 113 (D. Vt. 2020) (emphasis added).

### B. CERTIFICATION OF THE APPEAL IS APPROPRIATE UNDER ANY ONE OF THE CIRCUMSTANCES IN § 158(d)(2)(A)

#### 1. There Are No Controlling Decisions of Law that Authorize the Prior Restraint on Speech in the PI Order

An appeal must be certified if it involves a question of law for which "there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." § 158(d)(2)(A)(i). This is because when a "discrete, controlling question of law is at stake, [the Court of Appeals] may be able to settle the matter relatively promptly" and "avoid needless litigation." *Weber v. U.S. Trustee*, 484 F.3d 154, 157-158 (2d Cir. 2007). Those benchmarks are met here.

There is no controlling law that supports the issuance of an injunction with the scope and form of the PI Order. The restrictions imposed upon Mr. Kwok, and countless unnamed others within and without the jurisdiction of the Bankruptcy Court, are virtually limitless in their interpretation and application. The PI Order *inter alia* restricts Mr. Kwok or anyone from protesting, picketing, or parading at all, or from distributing "harassing material," at or near the homes or offices of the Trustee, PAX, and thousands of persons (not identified by name or address) who may be termed their attorneys, employees, and relatives. (PI Order at 2-5.) The PI Order further prohibits Mr. Kwok and others from making "disparaging statements" about any of those persons' "actions or beliefs," regardless of whether those actions or beliefs bear any connection to the Trustee, PAX, or the Chapter 11 proceeding. (PI Order at 5.) Neither the Bankruptcy Court nor appellees have ever cited a comparable order issued by a court in this Circuit—or any court—let alone by a non-Article III court.[2] The Bankruptcy Court's recognition of the controlling questions

---

[2] The Bankruptcy Court cited *Frisby v. Schultz*, 487 U.S. 474, 480–81 (1988) as support for the restrictions on First Amendment rights that the PI Order imposes. (*See* Corrected Memorandum at 44-48, 56 (Bankr. ECF 133).) That ruling, however, addressed a municipal statute and can hardly be a "controlling decision" for issuance of the PI Order by a Bankruptcy Court.

of law, both in the memorandum of decision supporting the PI Order and at a January 13, 2023 hearing, further support certification. (*See* Corrected Memorandum at 8 (Bankr. ECF 133); Tr. (1/13/2023) at 4:24-5:3 (Bankr. ECF 168) ("I hope that I made it clear in the memorandum of decision that I think these issues are very serious and implicate a lot of very important issues, including the integrity of the bankruptcy court and the defendant's First Amendment rights under the Constitution.").) Indeed, the Bankruptcy Court obviously was considering certification as it noted at the January 13 hearing that it could "*sua sponte* certify questions of law to the Circuit." *Id*. at 7:14-15.

There are also no controlling decisions that support an injunction order based entirely on hearsay entered without any foundational basis, (*see* Corr. Memo. at 9-17), which may be admissible in *some* cases for *some* purposes, but not those present here.[3] Moreover, there are no decisions establishing that the Bankruptcy Court had jurisdiction to enter the PI Order, as neither 28 U.S.C. § 1651(a) or 11 U.S.C. § 105(a) expressly provide the Trustee or PAX with a private right of action and the claims in the adversary proceeding are not sufficiently related to those in the Chapter 11 proceeding—which the Bankruptcy Court likewise recognized in the PI Order and at the January 13 hearing. (*See* Corr. Memo. at 8; Tr. (1/13/2023) at 5:4-8 ("a reviewing court could find that this court didn't have jurisdiction to enter that order because of the *Stern* issues and because of the [*Wellness*] issues, quite frankly").) *See Stern v. Marshall*, 564 U.S. 462 (2011); *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).

---

[3] PAX and the Trustee, for example, offered and the Bankruptcy Court accepted into evidence dozens of screenshots and videos captured from public social media accounts containing out-of-court statements made by others. Mr. Kwok does not appear in most of the exhibits and the Trustee and PAX produced no evidence that he was involved in their creation or posting. Nonetheless, the PI Order directly relies on these exhibits to make numerous findings of fact that Mr. Kwok operates and controls the accounts, or directs or is acting in concert with those who do, to support restricting a wide swath of protected speech and actions.

### 2. The Questions Raised in the Appeal are of Public Importance

Section 158(d)(2)(A)(i) further states that an appeal must be certified if it "involves a matter of public importance." A question is of public importance if it "transcends the litigants and involves a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *In re Springfield*, 619 B.R. at 116 (quoting *Mark IV Indus., Inc. v. N.M. Env't Dep't,* 452 B.R. 385, 388–389 (S.D.N.Y. 2011). The questions of the constitutionality of injunctive orders infringing on fundamental First Amendment rights and bankruptcy courts' assumption of jurisdiction and authority not granted to them in the Constitution or other federal law are matters of public importance. *See In re Gravel*, Case No. 11-10112, Case No. 11-10281, Case No. 12-10512, 2019 WL 3783317 at *6 (D. Vt. Aug. 12, 2019 ("Such things as the constitutionality of a provision of title 11, [and] the applicability of nonbankruptcy law to matters arising in a bankruptcy case…come immediately to mind as matters that might be considered as being of public importance."). Further, "Second Circuit determination of the legal questions…would provide bankruptcy courts in this circuit with a clearer understanding of the parameters of their authority." *Id*. (citing 1 Collier on Bankruptcy ¶ 5.06(4)(b) (16th ed. 2019)).

Moreover, the appeal involves a matter of public importance because a prior restraint, even if preliminary, is considered "an immediate and irreversible sanction." *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 559 (1976).

### C. A Decision by the Court of Appeals Would Resolve Questions of Law for Which There Are Conflicting Decisions

This Court must certify the Appeal if "it involves a question of law requiring resolution of conflicting decisions." § 158(d)(2)(A)(ii). As evidenced by the PI Order, there is a conflict within the Second Circuit regarding the constitutionality of prior restraints and the scope of First

Amendment protection of speech and assembly. In particular, courts in New York have generally seen fit to deny the type of injunctions that the Bankruptcy Court here thrice granted. *Compare In re Kwok*, Case No. 22-05032 (JAM) (D. Conn. Bankr. Jan. 13, 2023) (Bankr. ECF 133) (issuing temporary and preliminary injunctions enjoining thousands of nonparties across the country from speaking or protesting on almost any topic) *with Hammer v. Trendl*, Case No. CV02-2462ADS (E.D.N.Y. Oct. 10, 2002) (denying injunction because statements in unfavorable public review of book were protected First Amendment speech and appropriate remedy for harm suffered by author, if any, was financial compensation); *Jordan v. Metro. Life Ins. Co.*, 280 F.Supp.2d 104 (S.D.N.Y. 2003) (denying preliminary injunction because it would be impossible to tailor an injunction against allegedly defamatory statements without infringing on First Amendment rights); *Sang v. Hai*, 951 F.Supp.2d 504 (S.D.N.Y. 2013) (denying permanent injunction for defamation where client did not adequately plead irreparable injury for which no other remedy at law provided adequate compensation and an injunction would not serve the public interest); *D'Addio v. Kerik*, Case No. 1:15-cv-05497 (JGK) (SDA), 2019 WL 4857320 (S.D.N.Y. Oct. 2, 2019) (denying injunction finding that First Amendment protections against restraint that extended to future statements did not likewise extend to past statements). Certification is necessary for the Second Circuit to resolve these conflicting decisions.

### D. A Decision by the Court of Appeals Would Materially Advance the Progress of the Adversary Proceeding

Finally, certification is required where the issues will materially advance the adversary proceeding, "[f]or instance, where a bankruptcy court had made a ruling which, if incorrect, will essentially determine the result of future litigation." *Weber*, 484 F.3d at 158. The Appeal will advance the proceeding by limiting, if not entirely resolving, the claims in the adversary proceeding and avoiding unnecessary additional litigation and expense to both parties, which will

8

benefit all creditors. And because a "prior restraint is not constitutionally inoffensive merely because it is temporary," *Quattrone*, 402 F.3d 304, 310 (2d Cir. 2006) (citing *Alexander v. U.S.*, 509 U.S. 544, 550 (1993), the PI Order should be resolved promptly as "the very day-to-day duration [of the restraint] [] constitute[s] and aggravate[s] a deprival of [a party's] constitutional rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 580 (1976) (citing *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1319, 1326 (1975)). Certification will expedite final resolution of the important issues raised by the Appeal.

## IV.  CONCLUSION

Accordingly, this Court should certify the Appeal to the United States Court of Appeals for the Second Circuit.

**DEFENDANT
HO WAN KWOK**

By:  /s/ *Jeffrey Hellman*
Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
Tel.: 203-691-8762
Fax: 203-832-4401
New Haven, CT 06510
jeff@jeffhellmanlaw.com
Federal Bar No.: ct04102

/s/ *David Wachen*
David Wachen (*pro hac vice*)
Wachen LLC
11605 Montague Court
Potomac, MD 20854
Tel.: 240-292-9121
Fax: 301-259-3846
david@wachenlaw.com

## CERTIFICATE OF SERVICE

I certify that on March 14, 2023, the foregoing was electronically filed. Notice of this filing is being sent by email to all parties to the above-captioned adversary proceeding *via* the Court's electronic filing system, CM/ECF. Parties may access this filing through the Court's CM/ECF system.

/s/ *Jeffrey Hellman*
Jeffrey Hellman